STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone:  (775) 786-7600
E-Mail: steve@harrislawreno.com
Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE:<br><br>COPPER CANYON PARTNERS LLC,<br><br>    Debtor.<br><br>_____/ | Case No. 18-51144-btb<br><br>(Chapter 11)<br><br>**EMERGENCY MOTION FOR ORDER AUTHORIZING MAINTENANCE OF PREPETITION BANK ACCOUNT**<br><br>Hearing Date:  OST Pending<br>Hearing Time:  OST Pending<br>Est. Time:        10 minutes<br>Set by:             Judge Beesley |

    COPPER CANYON PARTNERS LLC, a Nevada limited liability company ("Debtor"), by and through its proposed attorneys STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, hereby moves this Court for the entry of an emergency order authorizing the maintenance of the Debtor's prepetition Bank Account (all as hereinafter defined).

    This Emergency Motion for Order Authorizing Maintenance of Prepetition Bank Account ("Motion") is based on the points and authorities below, the papers and pleadings on file herein including the Declaration of Phillip Kirk DeLaMare ("DeLaMare Declaration"), and any evidence or oral argument of counsel presented at the time of the hearing on this Motion.

# I.

# INTRODUCTION

1.    On October 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.    No request has been made for the appointment of a trustee or examiner, and no official committees have yet been established in these cases.

# II.

# JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

4.    The basis for the relief sough herein are Sections 105 and 363 of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and 6003, and LR 4001.

5.    Venue of Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# III.

# BACKGROUND

6.    The Debtor is a real estate developer with a planned development community located in Sparks, Nevada, consisting of approximate 1,200 acres of vacant land.  The Debtor continues to operate its business as Debtor and Debtor-In-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

# IV.

# RELIEF REQUESTED

A.    **The Debtor's Bank Account**

7.    To manage its business affairs efficiently and seamlessly, the Debtor must continue to utilize a certain existing bank account (the "Bank Account") post-petition.  The Bank Account is essential for the Debtor's continued status of staying in business as a going concern. A summary detailing the Bank Account used by the Debtor, including the bank balance on the Petition Date, is attached hereto as **Exhibit "A"** hereto and incorporated herein by that reference.

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600

2

8.    Post-petition, the Debtor proposes to retain its current Bank Account to avoid interruption in its ongoing business practices which require daily electronic deposit and withdrawal activity from the Bank Account. As indicated on Exhibit "A", the Bank Account is located at US Bank.

9.    As indicated in Paragraph 6 above, the Debtor is engaged in the business of developing its real property and must have the ability to pay ongoing operational expenses and debt service.

10.    The Debtor seeks authorization to continue using its pre-petition cash management system as set forth herein on a post-petition basis.

**B.    Specific Procedures Requested**

11.    Through this Motion, the Debtor requests that this Court grant the following relief and authorize the following procedures:

a.    that the Debtor is authorized and empowered to: 1) maintain its Bank Account in existence as of the Petition Date and as listed and described in Exhibit "A"; 2) treat the Bank Account for all purposes as a Debtor-In-Possession Account; 3) use, in their present form, existing checks and other documents related to the Bank Account; 4) pay post-petition ordinary course bank fees in connection with the Bank Account; and 5) perform its obligations under the documents and agreements governing the Bank Account;

b.    that the Bank at which the Debtor maintains its Bank Account is authorized and directed to: 1) continue to administer, service, and maintain the Bank Account as such Bank Account was administered, serviced, and maintained prior to the Petition Date, without interruption and in the usual and ordinary course; and 2) to pay any and all checks, drafts, wires, automated clearinghouse transfers, electronic fund transfers, or other items presented, issued, or drawn on the Bank Account (collectively, the "Debits") arising on or after the Petition Date, so long as there are sufficient collected funds in the Bank Account and in accordance with the agreements governing said Bank Account, including, without limitation, any prepetition cash management agreements, merchant service agreements, or treasury services agreements;

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600

3

c.      that Debits issued on the Bank Account prior to, but presented after, the commencement of the Debtor's Chapter 11 cases are honored and paid;

d.      that if the Debtor deems that any transactions should not be honored, that the Debtor shall promptly furnish to the Bank a list of those Debits drawn or issued that should not be paid.  The Bank is authorized and directed to rely on the representations of the Debtor as to which Debits are authorized to be honored and dishonored, whether or not such Debits are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is authorized by an order of the Court.  To the extent that the Debtor directs that any Debit be dishonored, the Debtor may issue replacement Debits consistent with the orders of this Court.

e.      that nothing contained in this Motion or its subsequent order may prevent the Debtor from closing the Bank Account as it deems necessary and appropriate;

f.      that the Debtor reimburse the Bank for any claim arising prior to or after the Petition Date in connection with Debits deposited with the Bank which have been dishonored or returned for insufficient funds in the applicable account;

g.      that each Bank that maintained the Bank Account implements reasonable handling procedures to effectuate the terms requested in this Motion.  The Debtor requests that no Bank that implements such handling procedures be liable to the Debtor or its estate, or otherwise held in violation of this Motion or its subsequent order, for honoring a prepetition Debit or other Debit: 1) at the direction of the Debtor that such prepetition Debit or other Debit be honored; 2) in the good faith belief that the Court has authorized that such prepetition Debit or other Debit be honored; or 3) as a result of an innocent mistake made despite implementation of such handling procedures;

h.      that the relief, rights, and responsibilities requested herein are deemed to apply to any and all Bank Accounts maintained in the Debtor's name;

i.      that to the extent any other order is entered directing a Bank to honor Debits made, drawn, or issued in payment of prepetition claims, the obligation to honor such items are subject to the order authorizing this Motion;

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600

4

j.    that the Debtor and the Bank is authorized and directed to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Account, except and to the extent otherwise directed by the terms of this order.  The Debtor requests that the Bank be authorized to continue offsetting any funds deposited in the Bank Account by the Debtor to the extent necessary to cover any fees, charges, and assessments set forth or provided for in the agreements governing the Bank Account or as otherwise permitted in the ordinary course of business pursuant to the agreements governing the Bank Account. The parties to such agreements seek to continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the Court or by operation of the Bankruptcy Code.

V.

**LEGAL ARGUMENT**

**A.    The Court Has The Authority To Grant The Relief Requested**

Uncertainty and risk surround the inception of every Chapter 11 case.  Included within this class of risks is a debtor-in-possession's struggle to maintain current operations.  In this Chapter 11 case, the Debtor requires the continued use of its Bank Account.  Absent the Bank Account, the Debtor will suffer significant interruption to its business operations.  To avert this prospect, the Debtor seeks authority to continue the operation of its existing Bank Account.

**B.    Cause Exists To Authorize The Debtor To Utilize Existing Bank Account**

A necessary aspect of the Debtor maintaining its business is the Debtor being permitted to continue to utilize its existing Bank Account to pay operating expenses.  As numerous courts have indicated, the Bankruptcy Code grants discretionary authority to a bankruptcy court to allow the continued use of bank account and merchant accounts. See, e.g., In re The Charter Co., 778 F.2d 618 (11th Cir. 1985) (court noted that the bankruptcy court authorized the Debtor to maintain its existing bank accounts); In re Lorber Indus. of Cal., 373 B.R. 663, 665 (B.A.P. 9th Cir. 2007) (discussing that the bankruptcy court allowed the debtor to continue using its prepetition workers' compensation program bank account for the purposes of administering benefits); In re Grant Broad., Inc., 75 B.R. 819, 820 (E.D. Pa. 1987) (court noted an order by the bankruptcy court

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600

5

1  authorizing use of cash collateral and prepetition bank accounts); <u>In re Charter Behavioral Health</u>

2  <u>Systems, LLC</u>, 292 B.R. 36, 41 (Bankr. D. Del. 2003) (court allowed the Debtor to continue to

3  use its existing bank account without the necessity to close all prepetition account and open new

4  post-petition account); <u>In re Hechinger Inv. Co. Of Del., Inc.</u> 282 B.R. 149, 150 (Bankr. D. Del.

5  2002) (court entered an order on the petition date authorizing the Debtor to continue to use its

6  existing prepetition bank account); <u>In re UAL Corp.</u>, 2002 WL 34344255, 1 (Bankr. N.D. Ill.

7  2002) (court authorized the Debtor, within the reasonable exercise of its business judgment, to

8  continue using all of its bank accounts in existence on the petition date); <u>In re New York City</u>

9  <u>Shoe, Inc.</u>, 78 B.R. 426, 427 (Bankr. E.D. Pa. 1987) (court approved of the debtor's continued

10  routine deposits of post-petition funds into prepetition bank accounts).

11       Pursuant to U.S. Trustee Guideline 4.4.6, a Chapter 11 debtor in possession must close its

12  prepetition bank account and open new account.  This requirement is designed to: (a) provide a

13  clear line of demarcation between prepetition and post-petition transactions and operations; and

14  (b) block the inadvertent payment of prepetition claims through the payment of checks drawn

15  prior to the commencement of a debtor's case.  However, courts often deviate from the strict

16  recommendations of Guideline 4.4.6 based upon the unique circumstances of each case and if

17  doing so facilitates a debtor's successful reorganization.  <u>See, e.g.</u>, <u>In re The Colad Group, Inc.</u>,

18  324 B.R. 208, 217 (Bankr. W.D.N.Y 2005); <u>In re Charter Behavioral Health Sys., LLC</u>, 292 B.R.

19  at 41.

20       As stated in the <u>DeLaMare Declaration</u>, to require the Debtor to close its Bank Account

21  and to open a new bank account would cause substantial disruption and delay in the Debtor's

22  ongoing business operations and could materially and adversely affect the Debtor's business.  To

23  avoid such problems and to ensure as smooth a transition into Chapter 11 as possible, it is

24  important that the Debtor be permitted to continue using its current existing Bank Account in

25  order to pay post-petition expenses in the ordinary course of business.

26       The Debtor requests that its Bank Account be deemed and designated as Debtor-in-

27  Possession Account, and that its maintenance and continued use, in the same manner and with the

28  same account number, style and document forms (including checks) as during the prepetition

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600

6

1  period, be authorized, subject only to: (a) designation of the Bank Account as Debtor-in-
2  Possession Account; and (b) a prohibition against honoring prepetition checks without specific
3  authorization from this Court and the Debtor.  The Debtor will advise the Bank not to honor
4  checks issued prior to the commencement of this Chapter 11 Case, except as authorized by this
5  Court.  By so advising the Banks, the Debtor will have achieved the goals of the bank-account-
6  closing requirement – (a) establishing a clear demarcation between prepetition and post -petition
7  checks, and (b) blocking the inadvertent payment of prepetition checks– without disrupting the
8  Debtor's ongoing business operations.

9       On the Petition Date, the Debtor tendered a check to its general bankruptcy counsel, Harris
10 Law Practice LLC, in the amount of $25,000.00, said sum to serve as an advance retainer for legal
11 services and costs to be incurred in this Chapter 11 proceeding.  The Debtor requests authorization
12 for the Bank to honor this check so that Harris Law Practice LLC may deposit the retainer in its
13 client trust account.  The pre-petition legal fees and costs incurred by Harris Law Practice LLC
14 for analysis and preparation/filing of the Chapter 11 petition (estimated at $6,000.00, including
15 the $1,717.00 filing fee) shall be paid from the $25,000 retainer, with the remaining balance to be
16 held in trust and used to pay post-petition legal fees and costs only after Court approval is
17 obtained.

18      The Court has the authority to grant the relief requested by the Debtor concerning its Bank
19 Account under Section 105 and 363 of the Bankruptcy Code, and it is proper for this Court to
20 grant such relief as it is in the best interest of the creditors of the Debtor's estate.  Again, Section
21 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that
22 is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Because
23 the maintenance and continued use of the Bank Account is crucial to the Debtor's ongoing
24 business operations, and ultimately its reorganization, this Court has the authority to order the
25 relief sough herein by virtue of Section 105(a).

26 **C.    The Requirements Of Bankruptcy Rule 6003 Have Been Satisfied And Bankruptcy**
27 **       Rule 6004(h) Is Properly Waived**

28      Pursuant to Sections 105(a) and 363(c)(1) of the Bankruptcy Code, the Debtor requests

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775.786.7600

7

1  that this Court authorize the Debtor to continue the collection and disbursement of cash in

2  accordance with its existing Bank Account.

3       However, Fed. R. Bankr. P. 6004(h) provides that an "order authorizing the use, sale, or

4  lease of property . . . is stayed until the expiration of 14 days after entry of order, unless the court

5  orders otherwise."  In view of the relief requested herein and the risk to the Debtor's operations

6  if the Debtor's Bank Account is interrupted, a 14 day stay of the relief sought herein is impractical.

7  Accordingly, the Debtor requests that this Court waive the stay under Fed. R. Bankr. P. 6004(h)

8  and provide in the order granting the relief sought herein that such order shall be effective

9  immediately *nunc pro tunc* to the Petition Date.

10                                    **VI.**

11                              **CONCLUSION**

12       WHEREFORE, Debtor respectfully requests that the Court enter an order authorizing the

13  maintenance of the Debtor's prepetition Bank Account and continued cash management system

14  as set forth herein and in the <u>DeLaMare Declaration</u>, and that any such order include a waiver of

15  the stay under Rule 6004(h); and for such other relief as is just and proper.

16       DATED this 12th day of October, 2018.

17

18

19                                    STEPHEN R. HARRIS, ESQ.
                                      HARRIS LAW PRACTICE LLC
20

21                                    _____

22                                    Proposed Attorneys for Debtor

23

24

25

26

27

28

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600

| Bank | Account No. | Account Type | Balance on Petition Date |
|------|-------------|--------------|--------------------------|
| US Bank | ********2251 | General Account | $2,500.00 |

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive,
Suite 2100
Reno, NV 89511
775 786 7600